O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA L. KING,<br><br>                Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>                Defendant. | CASE NO. ED CV 07-00462 (RZ)<br><br>MEMORANDUM OPINION<br>AND ORDER |

       Plaintiff Veronica King seeks review of the Social Security decision denying her application for Supplemental Security Income under Title XVI of the Social Security Act. The Court finds none of Plaintiff's arguments persuasive.

       Plaintiff first argues that the Administrative Law Judge's decision is internally inconsistent. The Court finds this section of Plaintiff's memorandum confusing, but the argument only could have an impact on this case if Plaintiff somehow is asserting that the Administrative Law Judge should have re-opened the prior decision. The Court sees no basis for such re-opening, and does not read the current decision under review as having re-opened the prior decision. Nor does the Court find that Plaintiff has established changed circumstances under *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988). Whatever Plaintiff means by this argument, therefore, it does not offer a basis for reversal or remand.

Plaintiff next argues that the Administrative Law Judge should have accepted the assessment of Plaintiff's treating physician, who filled out a form supplied by Plaintiff's counsel, and marked several categories as indicating more of an impact on Plaintiff's functioning than that assessed by the independent consultant. Although the treating physician's opinion is given deference, the Administrative Law Judge may reject the opinion of a treating physician in favor of a conflicting opinion of an examining physician if the Administrative Law Judge makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The Administrative Law Judge satisfied this standard. Backed by authority from the Court of Appeals, *see Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190 (9th Cir. 2004), he expressed skepticism about an assessment drawn from a checklist. He noted that there was no supporting data for the assessments on the form, and various other ways in which the consultant did a more thorough job than the treating physician. [AR 14] In this Court, Plaintiff asserts that the treating physician's records do in fact support the assessment, but the only document Plaintiff references is a record containing an update which is difficult to read but which does contain the words "unable to pursue work" (while it also says that the plaintiff is doing much better.) This brief conclusion, however, is not much in the way of data, and many of the rest of the records consist largely of medication charts, while there also are numerous notations that Plaintiff was a "no-show" and was not compliant with her medication regimen. In short, the Administrative Law Judge was justified in saying that records did not support the assessments which the treating physician indicated on the form.

The Court also does not find persuasive Plaintiff's argument that the Administrative Law Judge should have developed the record further. The record was sufficiently complete to render decision. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th

-2-

1  Cir. 2001) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).  That was
2  not the situation here.
3        Finally, Plaintiff argues that the Administrative Law Judge was biased against
4  her, and that the matter should be re-heard before another judge.  Actual bias is necessary
5  in order to disqualify an Administrative Law Judge.  *Bunnell v. Barnhart*, 336 F.3d 1112,
6  1114-15 (9th Cir. 2003).  Plaintiff has not shown actual bias; there is no evidence that the
7  Administrative Law Judge bore any animosity against Plaintiff whatsoever.
8        The Commissioner's decision is affirmed.

10  DATED:  February 15, 2008

                                      RALPH ZAREFSKY
                     UNITED STATES MAGISTRATE JUDGE